UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

Civil Action No.: 13-cv-01447-WJM-KLM

ISAAC MORADI; individually;
ISAAC MORADI, as trustee of the Moradi Family Trust;
FOROUGH MORADI, as the trustee of the Saeed and Forough Moradi Family Trust;
MIKE MORADI, individually,
YEHOUDA MORADI, individually,
KATINA MORADI, individually
ALBERT MORADI, individually;
CAROLINE MORADI, individually;
I&J PARTNERSHIP, LP, a California limited partnership; and
610 SOUTH MAIN, LLC, a Delaware limited liability company;

  Plaintiffs,

v.

ESTATE OF EVERETT LEROY PFEIFF;
LINDA PFEIFF, individually;
EVERETT JOSEPH PFEIFF, individually;
JONATHAN PFEIFF, individually;
OLDE WORLD DEVELOPMENT, LLC, a Colorado limited liability company,

  Defendants.

## STIPULATED PROTECTIVE ORDER

### 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action may involve production of confidential, proprietary, or private information for which the parties seek special protection from public disclosure and from use for any purpose other than prosecuting this litigation. Accordingly, the

**EXHIBIT A**

parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (herein after referred to as the "Order").

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

2. DEFINITIONS

2.1 Party. Any party to this action, including all of its officers, directors, employees, consultants, agents, retained experts, and outside counsel (and their support staff).

2.2 Disclosure or Discovery Material. All information or items, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3 "CONFIDENTIAL" Information or Items. Information or items that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 Receiving Party. A Party that receives Disclosure or Discovery Material from a Producing Party.

2.5 Producing Party. A Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 Designating Party. A Party or non-party that designates information or items as "CONFIDENTIAL."

2.7     Protected Material.  Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.8     Outside Counsel. Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action whether counsel of record or not.

2.9     House Counsel. Attorneys who are employees of a Party.

2.10    Counsel (without qualifier). Outside Counsel and House Counsel (as well as their support staffs).

2.11    Expert. A person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12    Professional Vendors. Persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing of exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.      SCOPE

The protections conferred by this Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2  Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or

ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) <u>for information in documentary form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the top or bottom of each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portions(s) (e.g., by making appropriate markings in the margins).

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL") at the top or bottom of each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins). Utilizing this process, sometimes referred to as a "quick-peek" procedure, shall not be deemed a waiver or impairment of any claim of privilege or protection, including but not limited to the attorney-client privilege, the protection afforded to

work-product materials or the subject matter thereof, or the confidential nature of any such information.

In the event that a Party or non-Party produces Disclosure or Discovery Material that another Party desires to designate as Protected Material, the Party so desiring shall, reasonably promptly after the initial production, notify other Receiving Parties of the designation and the other Receiving Parties, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The Party asserting the designation shall also affix the appropriate legend on a copy of the protected material and produce it to the other Receiving Parties.

(b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days after the transcript is made available to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days after the transcript is available shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected after discovery by the Producing Party, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

5.4 <u>Inadvertent Production of Documents</u>. The inadvertent production of any document or information during discovery in this action shall be without prejudice to any claim that such material is privileged under the attorney-client privilege, work product doctrine, or other privilege, and no party or third person shall be held to have waived any rights by such inadvertent production. Upon written request by the Producing Party, the

Receiving Party shall: (a) return the original and all copies of such documents or promptly petition the Court for a determination whether (i) production is properly inadvertent or (ii) the document is subject to a claim of privilege, and (b) shall not use such information for any purpose unless and until the Court has ruled upon the Producing Party's claim of privilege.

6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 Timing of Challenges. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     Judicial Intervention. A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may make a motion pursuant to MJ Mix's discovery procedures that identifies the challenged material and explains in detail the basis for the challenge. Each such motion Counsel making shall be prepared to certify that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and must explain with specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 10, below (FINAL DISPOSITION).

All "CONFIDENTIAL" material shall be stored under the direct control of litigation counsel of record, or Experts as defined in this Order, who shall be responsible for preventing any use or disclosure thereof, except in accordance with the terms of this Order.

7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Outside Counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b) any Party;

(c) no more than three officers, directors, or employees of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

(d) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(e) the Court and its personnel;

(f) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

(g) during their depositions, witnesses in the action to whom disclosure is reasonably necessary for the purposes of questioning. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order;

(h) the author of the document or the original source of the information; and

(i) subject to the conditions in this paragraph, mock jurors may be shown summaries, graphics or other specially-prepared documents which are based on "CONFIDENTIAL" documents or information ("specially prepared materials"), provided that (i) mock jurors shall not be shown "CONFIDENTIAL" documents or transcripts themselves, and shall not be provided with copies of any specially prepared materials based on confidential information; (ii) mock jurors shall not be permitted to keep any documents, notes, or other materials created by, used or provided to them during any research session, and counsel shall take measures to ensure and account for return of all such materials before dismissing each member; (iii) each mock juror verifies in writing that neither they nor members of their immediate family or household are employed by or affiliated with a party or a party's direct competitor (as identified by name or subject matter in writing by each party not later than a date mutually agreed to by the Parties); and (iv) each mock juror agrees in writing to be bound by this Order by executing the "Agreement to be Bound by Protective Order" (Exhibit A).

8. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures and identify the specific Protected Material at issue, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized

disclosures were made of all the terms of this Order, and (d) request such person or persons execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

### 9. FINAL DISPOSITION

Unless otherwise ordered or agreed in writing by the Producing Party, within forty-five (45) days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material. With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) within sixty (60) days after the final termination of this action that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

10. <u>MISCELLANEOUS</u>

10.1 <u>Right to Further Relief</u>. Nothing herein shall prevent any party or non-party from seeking additional relief from the Court not specified in this Order, or from applying to the Court for further or additional Protective Orders, *pursuant to MJ Mix's discovery procedures*. *[key]*

10.2 <u>Right to Assert Other Objections</u>. This Order shall not be deemed a waiver of:

(a) any Party's right to object to any discovery requests on any ground;

(b) any Party's right to seek an order compelling discovery with respect to any discovery request, *pursuant to MJ Mix's discovery procedures*

(c) any Party's right in any proceeding or action herein to object to the admission of any evidence on any ground;

(d) any Party's right to use and disclose its own documents and its own Confidential Information designated "CONFIDENTIAL" in its sole and complete discretion; or

(e) the status of any Confidential Information as a trade secret.

10.3 <u>Days</u>. For purposes of counting the number of days pursuant to any provision of this Order, days shall mean all days, seven days per week, 365 days per year (366 days per leap year), not solely business days.

10.4 <u>Binding Order</u>. The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

DATED this 30th day of October, 2013.

BY THE COURT:

_____
Magistrate Judge Kristen L. Mix

Respectfully submitted this 29th day of October, 2013.

| | |
|---|---|
| s/James E. Dallner | s/Frank W. Visciano |
| James E. Dallner, #36842 | Frank W. Visciano |
| LATHROP & GAGE, LLP | SENN VISCIANO CANGES P.C. |
| 950 17th Street, Suite 2400 | 1700 Lincoln Street, Suite 4500 |
| Denver, Colorado 80202 | Denver, Colorado 80203 |
| Tel: (720) 931-3200 | Telephone: (303) 298-1122 |
| Fax: (720) 931-3201 | E-mail: fvisciano@sennlaw.com |
| Email: jdallner@lathropgage.com | |
| | |
| And | And |
| | |
| Michael G. Martin | Andrew S. Pauly |
| HAMIL / MARTIN, LLC | Damon S. Thayer |
| 140 East 19th Avenue, Ste. 600 | GREENWALD, PAULY, FOSTER & |
| Denver, Colorado 80203 | MILLER, A PROFESSIONAL |
| Tel: (303) 830-1383 | CORPORATION |
| Fax: (303) 830-1057 | 1299 Ocean Avenue, Ste. 400 |
| Email: mmartin@hamilmartin.com | Santa Monica, California 90401-1007 |
| | Tel: (310) 451-8001 |
| | Fax: (310) 395-5961 |
| | Email: apauly@gpfm.com |
| | |
| *Attorneys for Defendants* | *Attorneys for Plaintiffs* |

## EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado on _____ in the case *Moradi, Isaac, et al. v. Estate of Everett Leroy Pfeiff, et al.*, Civil Case No. 13-cv-01447-WJM-KLM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will hold in confidence and not disclose to anyone not qualified under the Stipulated Protective Order any "CONFIDENTIAL" information or any portion or substance thereof provided to me in the course of this litigation except in strict compliance with the provisions of the Stipulated Protective Order.

I further agree to submit to the jurisdiction of the United States for the District of Colorado, for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I further hereby provide the following information (information can be provided on separate sheets attached hereto):

1. My present employer is:_____

2. The address of my present employer is:_____

3. My present occupation/job description is:_____

4. Excluding the above captioned litigation, I have not received compensation from a party to this litigation for work in my area of expertise or provided professional services to a party to this litigation at any time during the preceding two years.

5. Identity of all litigation(s) I have provided professional services during the preceding two years (by name and number of the case, filing date, and location of court):

_____

When my services in this matter have been concluded, I will destroy all materials containing "CONFIDENTIAL" information or any portions or copies, summaries, abstracts or indices thereof, which come into my possession and documents or things which I have prepared relating thereto and containing such "CONFIDENTIAL" information.

I hereby appoint _____ [print or type full name of] _____ [print or type full address and telephone number] as my agent for service or process in connection with this action or any proceedings related to enforcement of the Stipulated Protective Order.

Pursuant to 28 U.S.C. § 1746, I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Date:_____

City and State where sworn and signed:_____

Printed name:_____
                              [printed name]

Signature:_____
                           [signature]