IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01447-WJM-KLM

ISAAC MORADI, individually and as trustee for the Moradi Family Trust,
FOROUGH MORADI, as trustee for the Saeed and Forough Moradi Family Trust,
MIKE MORADI,
YEHOUDA MORADI,
KATINA MORADI,
ALBERT MORADI,
CAROLINE MORADI,
I & J PARTNERSHIP, LP, and
610 SOUTH MAIN, LLC

      Plaintiffs/Counterclaim Defendants,

v.

ESTATE OF EVERETT LEROY PFEIFF, and
LINDA PFEIFF, individually,

      Defendants, and

OLDE WORLD DEVELOPMENT, LLC, and
LINDA PFEIFF, as personal representative of the estate of Everett Leroy Pfeiff,

      Defendants/Counterclaim Plaintiffs.

_____

## ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on **Plaintiffs' Motion to Amend Complaint** [#52][1]

(the "Motion"). On December 12, 2013, Defendants filed a Response [#57]. On December

30, 2013, Plaintiffs filed a Reply [#59]. Pursuant to 28 U.S.C. § 636 (b)(1) and

---

[1] "[#52]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Order.

1

D.C.COLO.LCivR 72.1C, the Motion has been referred to this Court for disposition [#53]. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Court **GRANTS** the Motion [#52].

## I. Background

This dispute centers on the alleged actions of Defendants while they acted as agents for Plaintiffs. *Compl.* [#1] at 2. Plaintiffs allege that Defendants stole millions of dollars from them while managing a real estate development owned by Plaintiffs. *Id.* Plaintiffs allege that Defendants "stole oil and gas royalties, sale proceeds, and other sums from Plaintiffs over a period of years." *Id.* Plaintiffs further allege that they learned of the theft upon the death of Everett Pfeiff on January 22, 2013. *Id.* As a result, on June 4, 2013, Plaintiffs initiated this lawsuit by filing the Complaint [#1] which asserts seventeen[2] causes of action: breach of a promissory note, breach of fiduciary duty, fraud, concealment or nondisclosure, negligent misrepresentation, tortious interference with a contract, tortious interference with prospective business relations, unjust enrichment/restitution, civil theft, accounting, civil conspiracy, breach of contract, breach of implied covenant of good faith and fair dealing, conversion, alter ego/veil piercing, promissory estoppel, and rescission.

In their Motion, Plaintiffs seeks leave to file their First Amended Complaint and Jury Demand [#52-1] (the "Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(2). Plaintiffs state that the Amended Complaint makes the following changes:

---

[2] Plaintiffs' sixteenth cause of action simply states that they seek a declaratory judgment and is not a separate cause of action. *Compl.* [#1] at ¶¶ 214-17. Similarly, Plaintiffs' nineteenth cause of action seeks both a preliminary and a permanent injunction which are not causes of action. *Id.* at ¶¶ 229-31.

a. removes Yehouda Moradi (now deceased) as a Plaintiff, replaced by Isaac Moradi as Trustee of the Yehouda Moradi Family Trust;

b. removes Everett Joseph Pfeiff and Jonathan Pfeiff as Defendants;[3]

c. adds Linda Pfeiff as Personal Representative of the Estate of Everett Leroy Pfeiff as a Defendant;

d. eliminates Plaintiffs' previously asserted claims for tortious interference with contract, tortious interference with prospective business relations, and alter ego/veil piercing;

e. adds additional facts to the factual background section and to Plaintiffs' now third (fraud), fourth (concealment or nondisclosure), seventh (civil theft), eighth (for an accounting), ninth (civil conspiracy), twelfth (conversion), sixteenth (for declaratory judgment), eighteenth (for rescission), and nineteenth (for preliminary and permanent injunction) claims;

f. adds a fraudulent transfer claim (the thirteenth), a claim for constructive and/or resulting trust (the fourteenth), a quiet title claim (the fifteenth), and an equitable lien claim (the nineteenth); and

g. contains an amended prayer for relief to reflect the additional allegations and claims.

*Motion* [#52] at 2-3. Plaintiffs also attached a blacklined version showing the proposed changes to the Complaint [#52-2].

In their Response, Defendants argue that the Motion should be denied on the grounds of futility because certain new claims are subject to dismissal. *Response* [#57] at 6-10. Specifically, Defendants argue that Plaintiffs' claim for imposition of a constructive trust and their claim for an equitable lien are remedies and cannot be asserted as claims. *Id.* at 6-7. In addition, Defendants argue that Plaintiffs' fraudulent transfer claim is not pled with the particularity required by Fed. R. Civ. P. 9(b). *Id.* at 7-10.

In their Reply, Plaintiffs argue that their amendment is not futile and, in the alternative, that even if the Court finds that the three challenged causes of action are

---

[3] As noted in the Motion, these former defendants were dismissed on November 5, 2013 by agreement of the parties. *See generally Order Granting Stipulation and Joint Motion to Dismiss* [#50].

subject to dismissal, the Court should grant the Motion to the extent it is not challenged by Defendants. *See generally Reply* [#59].

## II. Analysis

As a preliminary matter, the pleading amendment deadline expired on November 18, 2013. *See Minute Order* [#42] at 2. The present Motion was filed on November 18, 2013. *See generally Motion* [#52]. Therefore, the Motion was timely filed.

The Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The United States Supreme Court has made clear that "the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." *Id.* at 182; *see also Triplett v. LeFlore County, Okl.*, 712 F.2d 444, 446 (10th Cir. 1983). Further, prejudice to the opposing party is the single most important factor in deciding whether to allow leave to amend. *Minter v. Prime Equipment Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006). Thus, where an opposing party "do[es] not argue [that it] face[s] any—let alone undue—prejudice" if the Court grants leave to amend the complaint, that party's opposition to the motion is "grievously weakened." *Stender v. Cardwell*, No. 07-cv-02503-WJM-MJW, 2011 WL 1235414, at *3 (D. Colo. April 1, 2011).

Defendants' arguments in opposition to the Motion are based on futility alone. In their Response, Defendants offer no argument that they will be prejudiced in any way, let

alone unduly prejudiced, by allowing Plaintiffs' proposed amendments to the Complaint. In addition, in this case, Defendants challenge only three of the twenty claims asserted in the proposed Amended Complaint.[4]   Further, as the Court found in *American Web, Inc. v. Flom Corp.*, No. 11-cv-02444-WYD-KMT, 2012 WL 1470141, at *2 (D. Colo. April 27, 2012), in this circumstance, "Defendant[s'] futility arguments are likely better addressed after Plaintiff[s'] operative complaint is in place, if and when Defendant[s] file[ ] a motion to dismiss on the same grounds."  *Cf. Schudel v. Miller*, No. 12-cv-01864-REB-KLM, Docket No. 10 at 3 (Order granting motion to amend stating, "In the circumstances at hand, therefore, the Court will not deny leave to amend on the basis of futility.  Thus, the Court permits Plaintiff leave to file an Amended Complaint.")  "Accordingly, the Court—preserving its scarce resources—will not at this time consider the question whether the amendments should be denied on grounds of futility because they fail to state plausible claims for relief. The Court will consider that question if and when Defendants file a motion to dismiss on those grounds."   *Stender*, 2011 WL 1235414, at *3 ; *see also American Web, Inc.*, 2012 WL 1470141, at *2.; *cf. Starr v. City of Lakewood*, No. 08-cv-01390-WYD-KLM, 2008 WL 5246158, at *1-2 (D. Colo. Dec. 16, 2008).

### III.  Conclusion

Based on the above, therefore, the Court permits Plaintiffs leave to file their proposed Amended Complaint.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#52] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of the Court shall accept Plaintiffs'

---

[4]  As noted above, certain of Plaintiffs' claims are not separate causes of action.

5

Amended Complaint [#52-1] for filing as of the date of this Order.

IT IS FURTHER **ORDERED** that Defendants shall answer or otherwise respond to

the Amended Complaint within the time allowed pursuant to Fed. R. Civ. P. 15(a)(3).

Dated:  February 13, 2014

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge

6