IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01447-WJM-KLM

ISAAC MORADI, individually and as trustee for the Moradi Family Trust,
FOROUGH MORADI, as trustee for the Saeed and Forough Moradi Family Trust,
MIKE MORADI,
KATINA MORADI,
ALBERT MORADI,
CAROLINE MORADI,
I & J PARTNERSHIP, LP, and
610 SOUTH MAIN, LLC

    Plaintiffs/Counterclaim Defendants,

v.

ESTATE OF EVERETT LEROY PFEIFF, and
LINDA PFEIFF, individually and as personal representative of the estate of Everett Leroy Pfeiff,

    Defendants, and

OLDE WORLD DEVELOPMENT, LLC, and

    Defendant/Counterclaim Plaintiff.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on **Plaintiffs' Unopposed Motion to Amend First Amended Complaint** [#97][1] (the "Motion"). Pursuant to 28 U.S.C. § 636(b)(1) and D.C.COLO.LCivR 72.1(c), the Motion has been referred to this Court for a recommendation regarding disposition [#98]. For the reasons set forth below, the Court **RECOMMENDS**

---

[1] "[#97]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

that the Motion [#97] be **GRANTED**.

The Motion is unopposed and is filed pursuant to Fed. R. Civ. P. 15(a)(2) with the consent of the opposing parties. The unopposed amendment seeks, among other things, to eliminate the first cause of action included in Plaintiffs' First Amended Complaint and Jury Demand [#65]. *See Motion, Ex. A* [#97-1] at 27-28 (redline showing deletion of first cause of action). A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). Thus, although the Motion is unopposed, the Court assumes that the issue is dispositive and requires a recommendation. Accordingly,

IT IS HEREBY **RECOMMENDED** that the Motion [#97] be **GRANTED** and that Plaintiffs' Second Amended Complaint and Jury Demand [#97-2] be accepted for filing.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v.*

*Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review.  *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated:  July 7, 2014

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge